Sean P. Reis (No. 184044)
sreis@edelson.com
EDELSON MCGUIRE LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone: (949) 459-2124

ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL SMITH, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, a Washington corporation,<br><br>Defendant. | Case No. **'11CV1958 JLS BGS**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1) Violation of 47 U.S.C. § 227<br><br>DEMAND FOR JURY TRIAL |

## CLASS ACTION COMPLAINT

Plaintiff Neil Smith brings this class action complaint against Defendant Microsoft Corporation ("Microsoft") to stop Defendant's practice of making unsolicited text message calls to cellular telephones, and to obtain redress for all persons injured by its conduct. Plaintiff, for his class action complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

## NATURE OF THE CASE

1. Wireless spam is a growing problem in the United States. According to a recent study conducted by the Pew Research Center, "Spam isn't just for email anymore; it comes in the form of unwanted text messages of all kinds—from coupons to phishing schemes—sent directly to user's cell phones." In fact, "57% of adults with cell phones have received unwanted or spam text messages on their phone." Amanda Lenhart, Cell Phones and American Adults: They Make Just as Many Calls, but Text Less than Teens, Pew Research Center (2010) at http://pewinternet.org/Reports/2010/Cell-Phones-and-American-Adults.aspx.

2. In one such effort to promote its new Xbox video game console, Defendant Microsoft, one of the world's largest software companies, engaged in an especially pernicious form of marketing: the transmission of unauthorized advertisements in the form of "text message" calls to the cellular telephones of consumers throughout the nation.

3. By effectuating these unauthorized text message calls (hereinafter, "wireless spam"), Defendant has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies wireless spam, but also because consumers frequently have to pay their cell phone service providers for the receipt of such wireless spam.

4. In order to redress these injuries, Plaintiff, on behalf of himself and a nationwide class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("47 U.S.C. § 227"), which prohibits unsolicited voice and text calls to cell phones.

5. On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease all wireless spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## PARTIES

6. Plaintiff is a resident of Illinois.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
2

7. Defendant Microsoft is a Washington corporation with its principal place of business in Washington. A global provider of software and other computer products and services, Defendant does business throughout the United States, including in this District.

## JURISDICTION & VENUE

8. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (d), because (a) at least one member of the putative class is a citizen of a state different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

9. This Court has personal jurisdiction over the Defendant under Cal. Code Civ. Proc. § 410.10 because certain of the acts alleged herein were committed in California (and, specifically, the Southern District of California).

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because Defendant resides in this District and because a substantial part of the events giving rise to the claim occurred in this District, as the Defendant's agent that transmitted the text message calls also resides in this District.

## COMMON ALLEGATIONS OF FACT

11. In recent years, marketers who often have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

12. One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

13. A "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received. As cellular telephones are inherently mobile and are frequently carried on their

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
3

owner's person, calls to cellular telephones, including SMS messages, may be instantly received by the called party virtually anywhere worldwide.

14. Unlike more conventional advertisements, wireless spam can actually cost its recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or incur an usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

15. Over the course of an extended period beginning in at least 2008, Defendant and its agents directed the mass transmission of wireless spam to the cell phones nationwide of what they hoped were potential customers of Defendant's Xbox.

16. For instance, on or about September 12, 2008, Plaintiff's cell phone rang, indicating that a text call was being received.

17. The "from" field of such transmission was identified cryptically as "88202," a format which is an abbreviated telephone number known as an SMS short code licensed and operated by Defendant's agents. The body of such text message read:

> FREE XBOX GAMES CONTENT! HTTP://XBOX.MOBI/SM1.
> PERSONALIZE YOUR PHONE WITH RINGTONES,
> WALLPAPER, TRAILERS AND GAME UPDATES.
> TO OPT-OUT REPLY END.

18. The website contained in the above text message is owned and operated by Defendant and/or its agents and similarly promoted Defendant's products.

19. Defendant's and its agents' use of an SMS short code enabled Defendant's mass transmission of wireless spam to a list of cellular telephone numbers.

20. At no time did Plaintiff consent to the receipt of the above-referenced text message or any other wireless spam from Defendant.

**CLASS ACTION ALLEGATIONS**

21. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and a class (the "Class") defined as follows:

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
4

all persons in the United States and its Territories who received one or more unauthorized text message advertisements on behalf of Microsoft.

22. In order to make its *en masse* transmissions of text message advertisements economical, Defendant and its agents used one or more short codes to transmit the text messages to thousands of consumers' cellular telephone numbers. As such, the Class consists of thousands of individuals and other entities, making joinder impractical.

23. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

24. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

25. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class in transmitting the wireless spam at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

26. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class as a result of the transmission of the wireless spam alleged herein. Plaintiff and the other Class members have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct as a result of the transmission of the wireless spam.

27. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include but are not limited to the following:

(a) Does the wireless spam Defendant distributed violate 47 U.S.C. § 227?
(b) Are the Class's members entitled to treble damages based on the willfulness of Defendant's conduct?
(c) Did the conduct described above violate the Class's right to privacy?

**FIRST CAUSE OF ACTION**
**(Violation of 47 U.S.C. § 227: On behalf of the Class)**

28. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

29. Defendant made unsolicited commercial text calls, including the message transcribed above, to the wireless telephone numbers of the Class. Each such text message call was made using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator and to dial such numbers. By using such equipment, Defendant was able to effectively send text messages to thousands of consumers' wireless telephone numbers without human intervention.

30. These text calls were made *en masse* through the use of a short code without the prior express consent of the Plaintiff and the other members of the Class to receive such wireless spam.

31. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, the members of the class suffered actual damages by having to pay their respective wireless carriers for their receipt of such text messages where applicable and, under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500.00 in damages for each violation of such act.

32. Because Defendant had knowledge that Plaintiff and the Class did not consent to the receipt of the aforementioned wireless spam, the Court should, pursuant to section 47

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
6

U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the Class.

WHEREFORE, Plaintiff Neil Smith, on behalf of himself and the Class, prays for the following relief:

1. An order certifying the Class as defined above;
2. An award of actual and statutory damages;
3. An injunction requiring Defendant to cease all wireless spam activities;
4. An award of reasonable attorneys' fees and costs; and
5. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: August 24, 2011

By: /s Sean P. Reis
Sean P. Reis
EDELSON MCGUIRE LLP
Attorneys for NEIL SMITH,
individually and on behalf of a class of
similarly situated individuals